UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BLUE SPIKE, LLC, PATENT LITIGATION                    MDL No. 2794


ORDER DENYING TRANSFER


**Before the Panel:** Patentholder Blue Spike, LLC, moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the Eastern District of Texas. This litigation currently consists of nine actions pending in four districts, as listed on Schedule A.[1] Defendants[2] submitted a joint brief expressing their opposition to centralization. Should we decide to centralize this litigation, defendants argue that a Northern District of California or a Central District of California transferee forum is appropriate.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. All actions involve some common facts surrounding the alleged infringement of a total of 34 Blue Spike patents, which share a common inventor in Blue Spike founder Scott Moskowitz. Despite any facts shared among the actions, Blue Spike has failed to demonstrate "that there is enough commonality to make centralization necessary or even advantageous." *In re: Charles R. Bobo Patent Litig.*, 829 F. Supp. 2d 1374, 1375 (J.P.M.L. 2011).

Several considerations weigh against centralization here. Defendants' accused products vary considerably and include: televisions (VIZIO, LeMall, Toshiba), tablet computers (NVIDIA, Nook Digital), personal computers (Toshiba), routers (Juniper), watermarking software (MarkAny), virtual currency (Razer), smartphones (LeMall), telephone servers (Toshiba), streaming media players (Roku) and digital rewards programs (Razer). Further, the degree of overlap among the 34 asserted patents varies widely among the cases. In its complaints, Blue Spike subdivides the patents into the following categories: secure server, trusted transaction, watermarking, packet transfer, open access, ASLR,[3] and product key patents. Four secure server patents and two trusted transactions patents are at issue in eight and seven cases, respectively; both types of patents are asserted in six cases. The

---

[1] The motion for centralization initially included fourteen actions, but five actions were dismissed during the pendency of the motion.

[2] Roku, Inc., Nook Digital, LLC, Juniper Networks, Inc., Razer USA Ltd., Vizio, Inc., Le Technology, Inc., LeMall Corp., NVIDIA Corporation, Toshiba America Information Systems, Inc., and Toshiba Corp.

[3] ASLR stands for Address Space Layout Randomization. According to plaintiff, it is a security technique that protects software by shuffling it in computer memory.

- 2 -

watermarking patents (sixteen patents, at issue in four cases) and ASLR patents (two patents, at issue in four cases) are not asserted in the same case.  Ten asserted patents fall into the remaining categories: the Packet Transfer (five patents, two cases), Open Access (three patents, three cases), and Product Key Patents (two patents, one case).  Only one case, the Eastern District of Texas *Juniper Networks* action, involves the infringement of patents in all three of these categories.

Blue Spike's litigation history also supports the conclusion that centralization may thwart the orderly resolution of the cases.  Since the start of 2016, Blue Spike reportedly has brought 33 actions for patent infringement.  Of those 33 cases, only nine actions are still pending.  Five actions were dismissed during the pendency of Blue Spike's motion for centralization.  It appears that only three of the 34 asserted patents have had claims construed – the two ASLR patents and the '213 watermarking patents – and the cases in which claim construction has occurred are now closed.[4]  We often view the litigation history of a group of patents as a key indicator of whether cases before us will require significant judicial intervention and thus merit centralization.[5]  Here, since last year, less than a third of all cases Blue Spike filed remain pending, and we have not been notified of any potential tag-along actions.  Additionally, all but one of the cases pending in this litigation were originally filed in the Eastern District of Texas, yet only three of those cases were consolidated in that district, which suggests that the involved judges saw little advantage to having all Blue Spike cases proceeding on a common schedule before a single judge.

All responding defendants, which coordinated to file a single brief in response to Blue Spike's Section 1407 motion, represented at oral argument that they would work together with plaintiff to ensure the efficient conduct of this litigation.  Defendants also specifically committed at

---

[4] *See Blue Spike, LLC v. Toshiba America, Inc. et al.*, E.D. Texas, Case No. 6:16-cv-430, doc. 46 (June 28, 2017) (construing certain claims of Blue Spike '569 and '719 ASLR patents; case dismissed on 7/21/17); *Blue Spike, LLC v. Verimatrix*, E.D. Texas, 6:17-cv-329, doc. 161 (July 6, 2017) (construing certain claims of the '213 watermarking patent against defendant Media Science Inc.; case dismissed on 8/17/17) and *Blue Spike, LLC v. Huawei*, E.D. Texas, Case No. 6:13-cv-679, doc. 194 (May 16, 2016) (construing certain Blue Spike '569 ASLR patent claims; case dismissed 11/22/16).

[5] *See In re: ArrivalStar Pat. Litig.*, 802 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011) (denying centralization of nineteen actions in seven districts because it "may thwart the orderly resolution of these patent cases.  ArrivalStar has brought nearly 100 actions since it began bringing infringement suits in various districts across the country approximately seven years ago, and none of the actions thus far appear to have required significant judicial attention."); *see also In re: Genetic Techs. Ltd. ('179) Pat. Litig.*, 883 F. Supp. 2d 1337, 1337–38 (J.P.M.L.2012) (denying centralization because, *inter alia*, the patent's litigation history suggested that most actions did not require significant judicial intervention and were dismissed through settlement or other means "within a relatively short period of time"); *In re: Brandywine Comms. Techs., LLC Pat. Litig.*, 959 F. Supp. 2d 1377 (J.P.M.L. 2013) (denying centralization where more than half of the defendants had settled and "actions are being litigated in a manner that is likely to lead to their resolution").

- 3 -

oral argument to conduct a joint deposition of Blue Spike founder Scott Moskowitz. The involved counsel and judges can coordinate to reduce any other duplicative discovery or to sequence the interpretation of any common claim terms. Several other alternatives to formal centralization also are available to the parties, should the need arise. *See, e.g., In re: Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell  Charles R. Breyer
Lewis A. Kaplan  Ellen Segal Huvelle
R. David Proctor  Catherine D. Perry

**IN RE: BLUE SPIKE, LLC, PATENT LITIGATION**           MDL No. 2794

## SCHEDULE A

<u>Central District of California</u>

BLUE SPIKE, LLC v. VIZIO, INC., C.A. No. 8:17‑1172

<u>Northern District of California</u>

BLUE SPIKE, LLC v. TOSHIBA AMERICA INFORMATION SYSTEMS, INC., ET AL., C.A. No. 5:17‑4780

<u>District of Delaware</u>

BLUE SPIKE, LLC v. ROKU, INC., C.A. No. 1:17‑928

<u>Eastern District of Texas</u>

BLUE SPIKE, LLC v. JUNIPER NETWORKS, INC., C.A. No. 6:17‑16
BLUE SPIKE, LLC v. LEMALL CORP., ET AL., C.A. No. 6:17‑63
BLUE SPIKE, LLC v. NVIDIA CORPORATION, C.A. No. 6:17‑96
BLUE SPIKE, LLC v. RAZER USA LTD., C.A. No. 6:17‑99
BLUE SPIKE, LLC v. MARKANY, INC., C.A. No. 6:17‑138
BLUE SPIKE, LLC v. BARNES & NOBLE, INC., ET AL., C.A. No. 6:17‑175